## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO
## Judge Robert E. Blackburn

Criminal Action No. 05-cr-00342-REB

UNITED STATES OF AMERICA,

    Plaintiff,

v.

4.  WENDEL R. WARDELL, JR.,

    Defendant.

_____

## ORDER DENYING MOTION TO REQUIRE BUREAU
## OF PRISONS TO TREAT COURT MAIL AS SPECIAL MAIL
_____

**Blackburn, J.**

The matter before me is Wardell's **Motion to Require Bureau of Prisons to Treat Court Mail As Special Mail** [#436], filed February 22, 2006.[1]  I deny the motion.[2]

Wardell claims that BOP staff have been opening, reading, and photocopying his legal mail in violation of federal regulations providing that such correspondence be treated as "special mail," to be opened only in the presence of the inmate and inspected only for the presence of contraband.  The motion presupposes that I have authority to order the Bureau of Prisons, which is not a party to this criminal case, to do anything at all.  Because I do not, the motion is moribund at its inception.

---

[1] Although Wardell included co-defendant Pursley in the caption of his motion, and although I have permitted Pursley and Wardell to join each other's motions when appropriate and "unless specifically ordered otherwise" (**see Trial Preparation Conference Order** at13, ¶ 31 [#58] ), such joinder is inappropriate here, where the claim is obviously personal to Wardell only.

[2] In addition to my independent analysis and ratiocination, I approve, adopt, and incorporate the reasons stated, arguments advanced, and authorities cited by the government in its response [#449], filed March 2, 2006.

Even if I were able to grant the relief Wardell requests, the evidence shows plainly that he has failed to exhaust his administrative remedies with respect to any claim arising out of the alleged mishandling of his mail. *See* 42 U.S.C. § 1997(e). The affidavit of Arthur Espinoza, Assistant Inmate Systems Manager for FDC-Englewood, appended by the government to its response to the motion, demonstrates clearly, credibly, and cogently that Wardell has not employed the BOP's formal administrative remedy process since December, 2004. (Gov't Resp. App., Espinoza Aff. at 7, ¶ 19.) Accordingly, he would not be entitled to the relief he seeks in any event.[3]

**THEREFORE, IT IS ORDERED** that Wardell's **Motion to Require Bureau of Prisons to Treat Court Mail As Special Mail** [#436], filed February 22, 2006, is **DENIED**.

Dated March 2, 2006, at Denver, Colorado.

BY THE COURT:

s/ Robert E. Blackburn
Robert E. Blackburn
United States District Judge

---

[3] Moreover, Wardell's actual proof that his special mail has been treated as general correspondence is severely lacking. Wardell fails to identify any particular piece of special mail that allegedly has been mishandled, and Espinoza's affidavit demonstrates that Wardell has routinely received mail over the past year which has been treated properly as special mail. (Gov't Resp. App., Espinoza Aff. at 5-6, ¶ 14.) Without further substantiation, Wardell's bare belief that BOP staff have been mishandling his legal mail would not be sufficient to support relief.

2