### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF COLORADO
### Judge Robert E. Blackburn

Criminal Action No. 05-cr-00342-REB

UNITED STATES OF AMERICA,

    Plaintiff,

v.

4.  WENDEL R. WARDELL, JR.,

    Defendant.

_____

### ORDER DENYING WARDELL'S MOTION TO RECONSIDER
_____

**Blackburn, J.**

The matter before me is Wardell's **Motion to Reconsider Order Denying Motion to Require Bureau of Prisons to Treat Court Mail as Special Mail** [#487], filed March 20, 2006.  I deny the motion.[1]

First of all, I am dubious that I have jurisdiction to consider Wardell's motion, filed after his sentence has been imposed and after he has filed a notice of appeal.  **See United States v. Warner**, 23 F.3d 287, 290 (10th Cir. 1994); **United States v. Johns**, 638 F.2d 222, 224 (10th Cir.1981).  Wardell cites no authority, and I have found none, which would permit me to act on a motion filed after the proceedings in this court have ended.

Nevertheless, even if I did have jurisdiction to consider the motion, it is not well-taken.  Motions to reconsider in criminal matters should be evaluated under the standards developed in civil cases.  **See United States v. D'Armond**, 80 F.Supp.2d

---

[1] Essentially, I deny the motion both on jurisdictional and substantive grounds.

1157, 1170 (D. Kan. 1999).  In that context, "[g]rounds warranting a motion to reconsider include (1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice. . . .  A motion to reconsider is not appropriate to revisit issues already addressed or advance arguments that could have been raised in prior briefing." ***Servants of the Paraclete v. Does***, 204 F.3d 1005, 1012 (10th Cir. 2000) (citations omitted).  None of these bases is applicable here.  Instead, Wardell cites me to inapposite authority, which was not raised in his original motion[2] and attaches copies of various examples of correspondence which pre-date the filing of the original motion by several months.[3]  Nor does Wardell's unverified refutation of some of the assertions of the affidavit which the government submitted in response to the original motion create any basis to revisit my prior ruling.

**THEREFORE, IT IS ORDERED** that  Wardell's **Motion to Reconsider Order Denying Motion to Require Bureau of Prisons to Treat Court Mail as Special Mail** [#487], filed March 20, 2006, is **DENIED**.

Dated March 20, 2006, at Denver, Colorado.

**BY THE COURT:**

**s/ Robert E. Blackburn**
**Robert E. Blackburn**
**United States District Judge**

---

[2]  Wardell's reliance on 18 U.S.C. § 3142 is misplaced.  As Wardell has now been tried, convicted, and sentenced, this statute, which deals with the terms and conditions of "detention of a defendant pending trial," is no longer applicable to him.

[3]  For similar reasons, Wardell's belated attempt to demonstrate that Pursley should properly be considered a party to this motion provides no basis for me to reconsider my earlier ruling refusing to allow him to join in the motion.