**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Civil Case No.  05-cr-00342-REB-4

UNITED STATES OF AMERICA,

    Plaintiff,

v.

4.  WENDELL R. WARDELL, JR.

    Defendant.

## ORDER DENYING DEFENDANT'S MOTION FOR NEW TRIAL

**Blackburn, J.**

The matter before me is defendant's **Motion for New Trial Based on Discovery Violations and Newly Discovered Evidence and Request for Evidentiary Hearing**. [#610] filed December 20, 2006.  I have construed defendant's motion generously and with the leniency due pro se litigants, see ***Erickson v. Pardus***, 551 U.S. 89 ___, 127 S. Ct. 2197, 2200, 167 L.Ed.2d 1081 (2007); ***Andrews v. Heaton***, 483 F.3d 1070, 1076 (10th Cir. 2007); ***Hall v. Belmon***, 935 F.2d 1106, 1110 (10th Cir. 1991) (citing ***Haines v. Kerner***, 404 U.S. 519, 520-21 (1972)). Notwithstanding, I deny the motion and request for an evidentiary hearing.

The standard for granting a new trial in a criminal case is set forth in Fed.R.Crim.P. 33, which provides that a new trial may be granted "if the interest of justice so requires." **FED.R.CRIM.P.** 33(a).  Nevertheless, "a motion for a new trial is not regarded with  favor and is only issued with great caution." ***United States v. Herrera***,

481 F.3d 1266, 1269-70 (10th Cir. 2007). Moreover, and of particular relevance here, "[a]ny motion for a new trial grounded on any reason other than newly discovered evidence must be filed within 7 days after the verdict or finding of guilty." **FED.R.CRIM.P.** 33(b)(2).

A claim, such as defendant makes here, that the government violated is discovery obligations under **Brady v. Maryland**, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963), is a variant of a newly discovered evidence claim, and, thus, may be brought more than seven days after the verdict. **United States v. Quintanilla**, 193 F.3d 1139, 1148 n.9 (10th Cir. 1999), **cert. denied**, 120 S.Ct. 1442 (2000). However, to state a **Brady** violation, defendant "must demonstrate that (1) the prosecution suppressed evidence; (2) the evidence was favorable to the accused; and (3) the evidence was material to the defense." **United States v. Ford**, 550 F.3d 975, 981 (10th Cir. 2008) (citations and internal quotation marks omitted). Assuming *arguendo* that the evidence is considered favorable to defendant, he can satisfy neither the first nor the third prong of this test in any event.

"The government generally does not have a duty under **Brady** to seek out information that is not in its possession . . . A prosecutor has no duty to undertake a fishing expedition in other jurisdictions to find impeaching evidence." **United States v. Lujan**, 530 F.Supp.2d 1224, 1258 (D.N.M. 2008). Although there may be "[a] duty to search files maintained by governmental agencies closely aligned with the prosecution" in certain circumstances, **United States v. Jackson**, 850 F.Supp. 1481, 1502 (D. Kan. 1994), it is only where the government "has knowledge of *and access to* exculpatory

information as defined in **Brady** . . . [that] the prosecutor must disclose it to the defense," *id.* (emphasis added; citation and internal quotation marks omitted).  The testimony that defendant claims was withheld here was from a case prosecuted in state court in Utah.  Nothing other than defendant's own completely unsubstantiated supposition supports a conclusion that the prosecutors in this case had possession of or access to that testimony.  **See United States v. Geames**, 427 F.3d 1333, 1337 (10th Cir. 2005).

Even if the transcript had been in the government's possession, I find and conclude that the failure to produce it to defendant was not material.  Evidence is "material" only if there is "a reasonable probability that the result of the trial would have been different had the suppressed documents been disclosed to the defense." **Ford**, 550 F.3d at 983 (citation and internal quotation marks omitted). "Because the primary consideration under **Brady** is fairness[,] we will reverse the district court only if the suppression of evidence denied the defendant a fair trail." **United States v. Lopez**, 372 F.3d 1207, 1210 (10th Cir. 2004) (citation and internal quotation marks omitted; alteration in original); **see also Ford**, 550 F.3d at 982 (defining a "fair trial" under this test to constitute "'a trial resulting in a verdict worthy of confidence'") (quoting **Kyles v. Whitley**, 514 U.S. 419, 434, 115 S.Ct. 1555, 131 L.Ed.2d 490 (1995)).  A new trial is not warranted unless "the favorable evidence could reasonably be taken to put the whole case in such a different light as to undermine confidence in the verdict." **Ford**, 550 F.3d at 983 (citations and internal quotation marks omitted).

As best I can discern from his motion, defendant believes that the transcript of the Utah trial would have belied the government's attempt to paint Cluff as having testified solely out of a sense of duty.[1] He apparently thinks that the facts of Cluff's cooperation with the government in that case and similarly in the federal tax fraud case, as well as the fact that Cluff invoked his Fifth Amendment rights while testifying in both cases, establish a pattern of conduct that would have undermined Cluff's credibility as a witness. Having presided over the trial, however, I find and conclude that the relevance of the state case testimony would have been marginal at best. Cluff was cross-examined extensively at trial. Defendant had every opportunity to probe Cluff's credibility, including any consideration he received from the government in return for his testimony in the tax fraud case. There is therefore absolutely no basis to conclude that further cross-examination on this topic based on Cluff's participation in or testimony during the Utah trial would have cast the entirety of the evidence in such a dramatically different light so as to undermine confidence in the verdict. **See Ford**, 550 F.3d at 983

Moreover, "**Brady** does not obligate the government to produce for [a defendant] evidence or information already known to him, or that he could have obtained from other sources by exercising reasonable diligence. Accordingly, to prevail in [his] **Brady** claim, [a defendant] must show that the allegedly suppressed information was not available . . . through due diligence." **United States v. Dixon**, 132 F.3d 192, 199 (5th Cir. 1997), ***cert.***

---

[1] Defendant also seems to think that the government did not prosecute Cluff in this tax fraud case based not only on his assistance and cooperation in that matter, but also based on his cooperation in the Utah state case. There is not one shred of evidence to substantiate defendant's wild supposition that the United States Attorney gave any consideration to Cluff's prior testimony in a totally unrelated state case that was at least eight years old by the time of the trial in this case. Indeed, it appears clear that the government had no knowledge of that case whatsoever until Cluff testified in the tax fraud case.

4

*denied*, 118 S.Ct. 1581 (1998) (citation and internal quotation marks omitted; first alteration in original).  **See also United States v. Ary**, 2005 WL 2372743 at *6 (D. Kan., Sept. 27, 2005) ("Evidence cannot be regarded as 'suppressed' by the government when the defendant has access to the evidence before trial by the exercise of reasonable diligence.") (citation and internal quotation marks omitted).  Defendant frankly acknowledges, as he must, the he learned of Cluff's prior state court testimony during the trial of the earlier criminal prosecution for tax fraud (***United States v. Wendell R. Wardell, Jr. et al.***, Criminal Case No. 03-cr-00415-REB), from which the charges in this case arose.  Defendant makes no effort to show reasonable diligence on his part to procure the allegedly critical testimony prior to trial.[2]

For all these reasons, defendant's motion for new trial must be denied.

**THEREFORE, IT IS ORDERED** that defendant's **Motion for New Trial Based on Discovery Violations and Newly Discovered Evidence and Request for Evidentiary Hearing** [#610] filed December 20, 2006, is **DENIED**.

Dated April 15, 2009, at Denver, Colorado.

**BY THE COURT:**

Bob Blackburn
Robert E. Blackburn
United States District Judge

---

[2] Apparently, after defendant was convicted in this case, he did obtain a copy of the transcript through the services of his own investigator and paralegal.  (**See** Def. Motion at 3.)  He offers neither argument nor evidence demonstrating why this evidence could not be sooner obtained.