**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Criminal Action No.  05-cr-00342-REB

UNITED STATES OF AMERICA,

    Plaintiff,

v.

4.  WENDEL R. WARDELL, JR.,

    Defendant.

**ORDER DENYING MOTION TO COMPEL
DISCLOSURE OF GRAND JURY MATERIAL**

**Blackburn, J.**

The matter before me is defendant's **Motion To Compel Disclosure of Grand Jury Material (Fed.R.Crim.P. 6(e))** [#656] filed September 20, 2010.  I deny the motion.

Defendant seeks production of various and sundry materials presented to the grand jury proceedings, as well as general documentation and records concerning the make up of the grand jury itself, which are alleged to be necessary to assist defendant in drafting a petition for relief pursuant to 28 U.S.C. § 2255.  The request is premature, at best.  Although Rule 6 of the Rules Governing Section 2255 Proceedings[1] permits me to authorize discovery on a showing of good cause, it is impossible to determine

---

[1] Defendant's citation to Fed. R. Crim. P 6(e) is of no more assistance to defendant.  That rule authorizes disclosure of grand jury materials to a party other than the government only "in connection with a judicial proceeding" or on a showing of grounds suggesting that matters occurring before the grand jury warrant dismissal of the indictment.  **FED. R. CRIM. P.** 6(e)(3)(E)(i) & (ii).  As discussed more fully herein, there is no current "judicial proceeding," and defendant has failed to offer anything more than his own rank speculation that anything occurred before the grand jury that would warrant dismissal of the indictment.

whether good cause exists without particularized knowledge of the claims that may be raised in defendant's as-now still entirely hypothetical section 2255 petition.

Nor does it appear likely that he could do so, at least based on the averments of the instant motion. Defendant's wholly conclusory allegations are woefully inadequate to meet the "demanding" standard of a demonstrate of a "compelling necessity for the material" he seeks. *In re Grand Jury 95-1*, 118 F.3d 1433, 1437 (10th Cir. 1997). Mere relevance is not the standard, *id*.; defendant must show a "specific and allowable use" for the materials, *In re Lynde*, 922 F.2d 1448, 1452 (10th Cir. 1991). Moreover, the global sweep of his motion clearly does not limit the requested discovery to "only material [] needed." *Douglas Oil Co. of California v. Petrol Stops Northwest*, 441 U.S. 211, 222, 99 S.Ct. 1667, 1674, 60 L.Ed.2d 156 (1979); *In re Grand Jury 95-1*, 118 F.3d at 1437. Overall, defendant's motion here amounts to nothing more "than a request for authorization to engage in a fishing expedition." *In re Grand Jury 95-1*, 118 F.3d at 1437 (citations and internal quotation marks omitted).

**THEREFORE, IT IS ORDERED** that defendant's **Motion To Compel Disclosure of Grand Jury Material (Fed.R.Crim.P. 6(e))** [#656] filed September 20, 2010, is **DENIED**.

Dated March 9, 2011, at Denver, Colorado.

BY THE COURT:

Robert E. Blackburn
United States District Judge